UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OSF Healthcare System,                    )<br>                    Plaintiff    )<br>                                              )<br>        v.                              )<br>                                              )<br>Marcone Appliance Parts Company  )<br>Employee Benefit Plan, and Marcone )<br>Appliance Parts Company,           )<br>                    Defendants  ) | Case No. 11-1202 |

## REPORT AND RECOMMENDATION

Now before the court is the Defendants' motion to dismiss for lack of jurisdiction (#21). The motion is fully briefed, and pursuant to Local Rule 72.1, the district judge has referred the matter to me for a report and recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the motion be denied as moot and that Plaintiff be allowed to amend the complaint.

This case is brought under ERISA. In the complaint, Plaintiff OSF Healthcare Systems ("OSF") alleges that it provided medical services and materials to Michael D. Hatley in the total amount of $273,362.26. Hatley, a member of the Plan, had originally been seen at Proctor Hospital, an in-network provider. Hatley was transferred to OSF, which was not an in-network provider, for emergency medical services. Hatley made a claim to the defendant Marcone Appliance Parts Company Benefit Plan ("Plan"), which denied the claim, stating that the benefits sought were only available in-network. Administrative appeals were taken and denied.

Plaintiff OSF filed this lawsuit, alleging that Hatley "assigned to Plaintiff any and all rights against any insurance company or other third party payor." (Complaint ¶ 18). Defendants filed a motion to dismiss, challenging OSF's standing to bring this suit because the Plan contains an anti-

assignment provision, as follows:

> **Assignment of Benefits.** No benefit under the Plan shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or change, and any attempt to do so shall be void. No benefit under the Plan shall in any manner be liable for or subject to the debts, contracts, liabilities, engagements, or torts of any person.

In its response to the pending motion, OSF re-characterizes this "assignment" as an appointment of a representative to pursue the claim and not as an assignment of benefits. OSF asks for leave to amend the complaint to correct this mis-characterization.

The APPOINTMENT OF REPRESENTATIVE, signed by Hatley and dated 12/27/10, is attached to the complaint. It provides as follows:

> I, Michael D. Hatley, hereby appoint OSF Healthcare System d/b/a Saint Francis Medical Center and the Law Firm of Koth & Gregory, as my representative for purposes of pursuing an appeal or claim for health benefits against my health plan with Meritain Health and Marcone Appliance Parts Co. Health Plan for payment of the above accounts with St. Francis Medical Center. This appointment is for the above stated account(s) and date(s) of service only and does not affect any other benefits, claims or other matters that I may have with Meritain Health and Marcone Appliance Parts Co. Health Plan.

As the language of the document reveals, the complaint's allegation that this document is an assignment of benefits is an erroneous allegation. The pending motion to dismiss is premised entirely on that allegation; no argument is presented as to the ability of a plan participant to appoint a representative to pursue its claim. It would be a complete waste of judicial resources to rule on a motion that is premised on a faulty assumption.

Correction of that allegation at this early stage of the proceedings would be an appropriate

action under Fed.R.Civ.P. 15(a)(2). I therefore RECOMMEND that the Plaintiff be allowed to amend paragraph 18 of the complaint to comport with the document attached to the complaint. Once that amended complaint has been filed, Defendants will be free to level another motion to dismiss if there is a basis for doing so.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTERED ON September 19, 2011

                             s/ John A. Gorman

                             JOHN A. GORMAN
                         UNITED STATES MAGISTRATE JUDGE