# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM, *an* | ) | |
| *Illinois not for profit corporation d/b/a* | ) | |
| SAINT FRANCIS MEDICAL CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   11-cv-1202 |
| | ) | |
| MARCONE APPLIANCE PARTS | ) | |
| COMPANY EMPLOYEE BENEFIT | ) | |
| PLAN and MARCONE APPLIANCE | ) | |
| PARTS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Magistrate Judge Gorman's Report and Recommendation (R&R) regarding the same. (Docs. 21 & 23). Defendants have filed Objections to the R&R, and Plaintiff has filed a Memorandum in opposition to Defendants' Objections. (Docs. 24 & 26). For the reasons stated below, the R&R is adopted and the Motion to Dismiss is denied.

As Defendants have filed Objections to the R&R, the Court reviews *de novo* those portions of it to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff filed its Complaint under the Employee Retirement Income Security Act ("ERISA"), alleging that it provided $273,362.26 worth of medical care to Michael D. Hatley, a member of Defendants' employee benefits plan ("Plan"), which is governed by ERISA; Plaintiff later amended his Complaint to correct the identity of the Plan's administrator. (Docs. 1 & 19). For emergency medical services, Mr. Hatley had been transferred to Plaintiff's hospital, which was outside of the Plan's "network" of providers, from an "in-network" hospital. The Plan rejected the claim for coverage of Mr. Hatley's bills at Plaintiff's hospital, citing the fact that Plaintiff's hospital was outside of its network and therefore ineligible to provide covered benefits. In its Amended Complaint, Plaintiff alleges that it is entitled to payment from Defendants because Mr. Hatley "assigned to Plaintiff any and all rights against any insurance company or other third party payor." (Doc. 19 at 3). This Court's subject-matter jurisdiction in this matter is based only on Plaintiff's ERISA claim.

Only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor have standing to pursue claims under ERISA. 29 U.S.C. § 1132(a)(3). Defendants' Motion to Dismiss argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, because Plaintiff does not have standing as a beneficiary to make a claim under the Plan. Defendant's argument turns on the anti-assignment provision of the Plan, which it says means that Plaintiff "has no colorable claim to benefits" because it "does not hold a valid assignment of benefits under the ERISA Plan at issue in Plaintiff's Complaint." (Doc. 21 at 1). Plaintiff

responded with a request for leave to amend its Complaint to change the language indicating an "assignment," proposing instead to characterize the arrangement as an "appointment of representative;" Plaintiff argues that as Mr. Hatley's "representative" it is a "claimant" under the terms of the Plan, and therefore a beneficiary with standing. (Doc. 22).

Magistrate Judge Gorman recommended that Defendants' Motion to Dismiss be denied, and that Plaintiff be given the opportunity to amend its Complaint to correct the defect noted by Defendants, noting the "Appointment of Representative" signed by Mr. Hatley and attached to the Complaint. (Doc. 23). Magistrate Judge Gorman determined that this document revealed Plaintiff's use of the term "assignment" to have been an erroneous one, as the "Appointment of Representative" document clearly seemed to contemplate an appointment, rather than an assignment. Since Defendants' entire Motion to Dismiss was premised on the idea that an "assignment" was at issue, Magistrate Judge Gorman concluded that it would be a waste of judicial resources to rule on a Motion to Dismiss that was based on the erroneous usage of the term "assignment." As an "appointment of representative" truly appeared to be at issue, and as Defendants' Motion to Dismiss did not address that situation, Magistrate Judge Gorman recommended denying the Motion to Dismiss and allowing Plaintiff to correct the mistake.

Defendants filed a timely Objection to the R&R, arguing that even if Plaintiff were to change the term used in its Complaint to "appointment," such a change would still leave Plaintiff without standing to pursue a claim under the Plan. (Doc. 24). Essentially, Defendants argue that Plaintiff should not be allowed to amend, as

any amendment would be futile; the Plan expressly disallows any attempt to assign benefits under it. Defendants again assert that Plaintiff lacks standing under ERISA as a participant, beneficiary, or fiduciary, whether the arrangement at issue is termed an "assignment" or an "appointment," and that this Court therefore lacks subject-matter jurisdiction over Plaintiff's claim. Plaintiff responded to Defendants' Objection by reiterating the arguments made in its Response to the Motion to Dismiss: it claims that language in the Plan, along with Mr. Hatley's appointment of it as his representative and his assignment of his benefits to Plaintiff, give it standing under ERISA. (Doc. 26).

When subject-matter jurisdiction under ERISA is questioned, district courts are to take a broad approach to the interpretation of these terms; a "participant" or "beneficiary" includes anyone with a "colorable claim to benefits." *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). Determining whether a "colorable claim" exists "depends on an arguable claim, not on success." *Id*. Here, Plaintiff asserts that it has an arguable claim to benefits as an appointed representative of Mr. Hatley. Plaintiff's claim is based on the language of the Plan, which it argues creates ERISA "beneficiary" status for "claimants," a term that is used but not defined by the Plan; the Plan separately uses the terms "employee" and "dependent," so Plaintiff asserts that a "claimant" must then be an entity other than the covered employee or his dependents.[1] (Doc. 22 at 2-4). Indeed, Exhibit 5

---

[1]    Plaintiff points to the interaction between various provisions in the Plan. The undefined term "claimant" is used several times, and appears to be distinct from "employee" and "dependent," which are both defined separately in the Plan (Doc. 21, Ex. 2 at 19, 26-27, 59-63). As pointed out by Plaintiff, the term "covered person" is used to refer to both employees and their covered dependents, so the term

attached to Plaintiff's Amended Complaint appears to indicate that the Plan will consider a claim for benefits from a "properly designated representative," which is what Plaintiff claims to be. (Doc. 19, Ex. 5). Under Plaintiff's argument, the Plan recognizes "claimants" such as itself as "beneficiaries," and so it has "beneficiary" standing under ERISA. 29 U.S.C. § 1002(8).

Defendants counter by pointing again to the Plan's anti-assignment provision, which they argue renders Mr. Hatley's arrangement with Plaintiff invalid and unenforceable. (Doc. 24 at 3). Defendants call the "appointment" "just another attempt by Hatley to transfer, assign, or pledge his benefits under the Plan to OSF." (Doc. 24 at 3). They further claim that, in order to get around the characterization of the arrangement as an "assignment," Mr. Hatley must not have given Plaintiff the right to obtain his benefits under the Plan, and so Plaintiff is not a "beneficiary" with ERISA standing. (Doc. 24 at 3-4).

Plaintiff cites to *Ramsay v. Mayer*, in which the Northern District of Illinois reviewed current Seventh Circuit precedent on the question of non-participants' standing under ERISA, as considered in the context of challenges to the courts'

---

"claimant" must mean something other than merely "employees and covered dependents." (Doc. 21, Ex. 2 at 18, 64).

Plaintiff also submitted evidence that the Plan has in the past made a payment directly to it in response to claims for services provided to Mr. Hatley. (Doc. 22, Ex. 2). Federal Rule of Civil Procedure 12(d) does not require the conversion of a Rule 12(b)(1) Motion to Dismiss into a Motion for Summary Judgment when additional evidence is considered, as it does for Rule 12(b)(6) and 12(c) motions. However, the Court considers this exhibit only insofar as it contributes toward the notion that Plaintiff's claim to "claimant" (and therefore "beneficiary") status under ERISA is colorable; the Court does not rely on it at this point in making any substantive determinations of Plaintiff's status under the Plan's terms. The exhibit is not necessary to the Court's finding of a colorable claim, but does contribute additional plausibility to Plaintiff's argument that the Plan treated it as a "claimant"/"beneficiary."

subject-matter jurisdiction.[2] 09-c-2779, 2010 WL 55674, *3 (N.D. Ill. Jan. 4, 2010). *Ramsay*'s review shows that even disputed claims to beneficiary status can confer ERISA standing, so long as the claims are not "frivolous." *Id.* (quoting *Neuma Inc. v. AMP Inc.*, 259 F.3d 864, 879 (7th Cir. 2001); *Kennedy*, 924 F.2d at 700; citing *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 979 (7th Cir. 1989)). For example, in *Neuma*, the Seventh Circuit, though it eventually concluded that the plaintiff's claim failed on the merits, found that the plaintiff had had standing to pursue the claim because its legal argument was "not so bizarre or out of line with existing precedent" as to fail to "colorable claim" inquiry. 259 F.3d at 879. The court noted that a mere "possibility of success" was sufficient, and that the "determination regarding the relative strength of that claim has often been deemed to go to the merits, not to whether standing as a participant or beneficiary was demonstrated." *Id.* at 878 (citing *Kennedy*, 924 F.2d at 701; *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 979 (7th Cir. 1999); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 552 (7th Cir. 1997); *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996)).

Similarly, the *Sladek* court held that it was erroneous for the district court, in dismissing for lack of subject-matter jurisdiction, to "assume the very matter at issue," which was whether the plaintiff was a "beneficiary" under the plan. 880 F.2d

---

[2]    In *Ramsay*, the Northern District of Illinois, after reviewing the cases discussed here, dismissed the plaintiffs' claim because, even if their legal argument were successful, there was a factual issue – whether the plaintiffs' late mother would have named them as beneficiaries – on which the plaintiffs would not have been able make the necessary evidentiary showing. They had no way to prove that she would have named them, and so could not be found to be beneficiaries even if their legal argument were correct.

at 979. The plaintiff's claim to benefits was premised on her argument that her husband's pension election forgoing a survivor annuity that would have been payable to her was voidable due to his incapacity; the district court had dismissed because he had made the election at issue, and so the plaintiff was not a beneficiary on the face of the plan. *Id*. at 973. It was error for the court to fail to consider the plaintiff's legal argument for voidability in dismissing for lack of subject-matter jurisdiction. *Id*. at 975, 979. If plaintiff was correct that the election was voidable, she would have standing, so the court had to allow her to make that claim. *Id*. Dismissal would have been appropriate only if plaintiff, even if successful in her argument for voidability, could not have been a beneficiary. *Id*. at 979 (citing *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654, 655-56 (9th Cir. 1983); *Loechl v. Illinois Bell Tel. Co.*, 648 F.Supp. 1178, 1180 (N.D.Ill. 1986)).

The *Kennedy* court held that, for jurisdictional purposes, anyone with a "colorable claim" to "participant" or "beneficiary" status, including assignees, has standing, though when the case reaches the merits, "an assignee cannot *collect* unless he establishes that the assignment comports with the plan." 924 F.2d at 700 (citing 29 U.S.C. § 1104(a)(1)(D); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989); *Sisters of the Third Order of St. Francis v. Swedish American Group Health Benefit Trust*, 901 F.2d 1369, 1370 (7th Cir. 1990); *Central States Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989)) (emphasis in original). A subject-matter dismissal based on the language of the plan is appropriate "[o]nly if the language of the plan is so clear that any claim as an

assignee must be frivolous." *Id.* (citing *Goosby v. Osser*, 409 U.S. 512, 518 (1973); *Bell v. Hood*, 327 U.S. 678 (1946)). In that case, the language of the plan provided that "at the option of the Insurance Company and with the consent of the Policyholder, all or any part of the medical benefits may be paid directly to the person or institution on whose charge the claim is based." *Id.* at 701. The court said that this "possibility of direct payment [was] enough to establish subject-matter jurisdiction. Whether CIGNA properly withheld assent to the transfer goes to the merits rather than jurisdiction." *Id.* at 701.

With these precedents in mind, the Court must affirm the disposition of Defendants' Rule 12(b)(1) Motion to Dismiss recommended in Magistrate Judge Gorman's R&R. With the proposed amendment to its Complaint, Plaintiff will assert that it was properly "appointed" Mr. Hatley's "representative," and that it therefore has standing as a "claimant" to pursue Mr. Hatley's claim against Defendants. If Plaintiff is correct that this "appointment" is valid and that the Plan contemplates the existence of "claimants" like Plaintiff, who are not employees or their dependents, Plaintiff arguably has standing to pursue the claim. Defendants ask the Court to assume, as did the district court in *Sladek*, that Plaintiff's argument will be unsuccessful because of the Plan's anti-assignment provision. Plaintiff's argument, based on the Plan's "claimant" (as distinct from "employee" or "dependent") language, is not frivolous. The language of the Plan, far from being so clear as to render Plaintiff's claim frivolous, appears in fact to be unclear as to what entities may be "claimants," opening the door to a colorable claim by Plaintiff.

While Defendants may ultimately prevail on their assertion that there is no difference under the Plan's terms between a "claimant" who is an "appointed representative" and an invalid "assignment," the Court cannot assume the strength of this argument at this stage. The Court finds that Plaintiff's argument is not frivolous, though it may, for the reasons argued by Defendant, fail when the merits are at issue. For the purposes of subject-matter jurisdiction, however, Plaintiff's claim to standing is "colorable," and so Defendant's Rule 12(b)(1) Motion to Dismiss must be denied.

## CONCLUSION

For the forgoing reasons, the Court ADOPTS Magistrate Judge Gorman's R&R (Doc. 23) and DENIES Defendants' Motion to Dismiss (Doc. 21). As directed in the R&R, Plaintiff SHALL amend, within 14 days of the date of this Order & Opinion, paragraph 18 of its Amended Complaint to reflect the document attached as Exhibit 6 of the Amended Complaint. This matter is REFERRED to Magistrate Judge Gorman for further pretrial proceedings. IT IS SO ORDERED.

Entered this 27th day of January, 2012.

       s/ Joe B. McDade
       JOE BILLY McDADE
     United States Senior District Judge